hGOTHARD, J.,
Dissents.
I respectfully dissent from the majority opinion because I believe that there is no finding of fact by the trial court which supports a judgment of negligence on the part of Mr. Stafford. Accordingly, I find the trial court was manifestly erroneous when it found Mr. Stafford at fault, and would reverse on that issue.
The record shows that the Stafford vehicle was traveling in the left lane of U.S. Highway 61 when he slowed to make a left turn. He was hit in the right-rear side by a vehicle driven by Bobby Boudreaux. At trial, Bobby Boudreaux testified that he did not see the Stafford car in front of him. Mr. Boudreaux explained that it was growing dark and the Stafford vehicle did not have lights on. He did not see either taillights or a turn indicator light. The force of the collision with the Stafford vehicle caused Mr. Boudreaux’s truck to overturn. Mr. Boudreaux stated that he was cited for failure to maintain control of his vehicle as a result of the accident. He pled guilty and paid a fine for the offense. Mr. Boudreaux could not recall how fast he was going when he hit the Stafford vehicle, but he recalled that he did not brake. The police report introduced in connection with this testimony indicated that the speed at impact was about 55 mph.
|gA copy of the police report of the accident was also admitted into evidence. It shows that the Boudreaux vehicle hit the Stafford vehicle in the rear on the passenger side. The report indicates that the Stafford vehicle, as well as the Boudreaux vehicle, had headlights on. It also indicates that both vehicles were in the left lane, and the Stafford vehicle was traveling straight ahead at about 20 mph when it was struck in the right rear section. The only violation found by investigating officers was that the Boudreaux vehicle was following too closely and Mr. Boudreaux was ticketed for that infraction.
I disagree with the majority opinion when it states:
The trial court did not find Jeffrey Stafford negligent for making a proper left-hand turn. Rather, the trial court found that Mr. Stafford was at fault for commencing his left turn before it was safe to do so in violation of the above-cited statute. LSA-32:104(A). If Mr. Stafford had not attempted to turn before the Acosta vehicle crossed the intersection, his vehicle would not have moved into plaintiffs lane of travel following the impact. The record supports the trial court’s finding that Mr. Stafford’s attempt to turn left before it was safe to do so was a contributing factor of the accident.
It is clear from the factual findings that the trial court did not make a determination that Mr. Stafford was traveling without lights or that he failed to signal for the left turn. The court found that Mr. Stafford was traveling in the correct lane for a left turn and was slowing down to make the turn. Further, the court found that, “while waiting to make his turn he was struck by a vehicle driven by Bobby Bou-dreaux, which pushed him into the path of plaintiffs vehicle.... ”
While the trial court found that Mr. Stafford had begun to make his left hand turn when he was hit, that fact alone does not establish negligence. |3 There was no finding by the trial court that Mr. Stafford did not indicate his intention to turn, that he pulled out into the path of oncoming traffic, or that he did anything which would violate the statutory or jurisprudential laws of negligence. There was no evidence presented at trial, nor any finding by the trial court that Stafford vehicle either began to cross into the oncoming lanes of traffic before he was hit by Mr. *1222 Boudreaux. In fact, the trial court findings show that Mr. Stafford was “waiting” to turn left when the rear impact of the Boudreaux vehicle “pushed him into the path of plaintiffs vehicle...”
Under these facts, I do not find Mr. Stafford committed any act of negligence and I would reverse the trial court on that issue.